**Stanley SAAVEDRA, Plaintiff,**

v.

**CITY OF ALBUQUERQUE, et al., Defendants.**

**Civ. No. 93–1043 JB.**

United States District Court, D. New Mexico.

Aug. 25, 1994.

Paul Livingston, Albuquerque, NM, for plaintiff.

Randy M. Autio, Asst. City Attorney, Albuquerque, NM, for defendants.

## FINAL JUDGMENT

BURCIAGA, Chief Judge.

THIS MATTER came on for a hearing on August 25, 1994, on Defendant City of Albuquerque's five June 23, 1994 motions for summary judgment. The Court, having heard the arguments of counsel, reviewed the

submissions of the parties and the relevant law, and being otherwise fully advised in the premises, finds Defendant's motion for summary judgment on count I and Defendant's motion for summary judgment on count II are well taken and are granted. Pursuant to 28 U.S.C. §§ 1367(c)(1) and (3), the Court will *sua sponte* dismiss counts III, IV, V and VI. For the record, count IV as alleged against the individual defendants and count VII are no longer valid pursuant to the Court's Memorandum Opinion and Order of July 27, 1994. Defendant's motions for summary judgment regarding counts V and VI, *res judicata*, collateral estoppel, and exhaustion of remedies are moot.

Plaintiff worked for the Albuquerque Fire Department ("AFD") as an emergency medical technician. The City of Albuquerque terminated Plaintiff's employment after he tested positive for marijuana use. The City provided Plaintiff with pre-termination and post-termination process. Defendant Reeves, as Personnel Hearing Officer ("PHO"), issued extensive findings of fact and a recommendation affirming Plaintiff's termination. The City Personnel Board ("Board"), chaired by Defendant Logan–Condon, then reviewed the PHO's findings and upheld them. Plaintiff did not pursue an available appeal to the state district court, as permitted by the City's Merit System Ordinance, § 2–9–25(D)(5). The district court would have assessed whether the Board's decision was arbitrary and capricious, unsupported by substantial evidence, unconstitutional or illegal, or in excess of authority or jurisdiction. *Id.*

Plaintiff filed this action under 42 U.S.C. § 1983 (1988) and complains of the procedures employed at both the pre- and post-termination stage. The specific deficiencies Plaintiff contends denied him due process are set forth *infra*. In addition, Plaintiff avers a Fourth Amendment violation and contests whether the City possessed reasonable suspicion before subjecting Plaintiff to compelled drug testing. The City moved for summary judgment on both the Fourth Amendment and the due process claim, *inter alia.*

■ If a public employer singles out an employee for drug testing, as opposed to selection on a purely random basis, then the law appears to require that the employer must have possessed reasonable suspicion to believe the employee was engaging in drug activity. *See Jackson v. Gates,* 975 F.2d 648, 652–53 (9th Cir.1992) (to comply with the Fourth Amendment, compelled drug testing must be either based on "articulable, individualized" reasons or as a result of a purely random selection process), *cert. denied,* 509 U.S. 905, 113 S.Ct. 2996, 125 L.Ed.2d 690 (1993); *Ford v. Dowd,* 931 F.2d 1286, 1292 (8th Cir.1991) ("[I]n the absence of uniform or systematic random selection of employees subject to drug testing, we will allow the Government to enforce drug testing where employees are chosen '*only* on the basis of a reasonable suspicion.'" (emphasis in original) (quotation omitted)); *Fraternal Order of Police Lodge No. 5 v. Tucker,* 868 F.2d 74, 77 (3d Cir.1989) (same). Neither party argues over the proper standard; instead, Plaintiff disputes the type of information which may form the reasonable suspicion predicate.

The City justifies its drug testing of Plaintiff by positing the following facts, which, significantly, were also express findings of the PHO, and asserts that these facts amounted to reasonable suspicion. Around mid-March, 1991, Plaintiff told Chief Bessom of the AFD that he wished to discuss some personal problems he was experiencing, such as excessive drinking and smoking of marijuana. Plaintiff admitted that on March 9, 1991, he attended a party where he smoked marijuana. In addition, the City placed Plaintiff on administrative leave after he warned his supervisors that he might become violent when provoked. His supervisors also knew of a recent occasion when Plaintiff lost his temper in a public altercation with his girlfriend.

The City directed Plaintiff to the health center for a fitness-for-duty evaluation. When Plaintiff provided his first urine sample, he filled the cup with water in lieu of urine. Plaintiff does not dispute this fact, by affidavit or otherwise, in his response to Defendant's motions for summary judgment. In late March, the City directed Plaintiff to provide another urine sample. He did so and the test revealed previous use of mari-

juana. When asked about the positive test result, Plaintiff admitted smoking marijuana.

■ Plaintiff does not dispute these facts amounting to reasonable suspicion. Instead, Plaintiff contends that "reasonable suspicion testing should only ... have been based upon observable phenomena, such as direct observation of drug use or possession and/or physical evidence of Plaintiff being under the influence...." Plaintiff's Response Brief at 9. Essentially, Plaintiff argues that the public employer must show an affirmative link between the employee's alleged drug use and on-the-job impairment. Because the City had no basis for concluding that Plaintiff's performance of his duties was actually impaired, Plaintiff asserts the City lacked legal justification to compel drug testing. "[T]he City's drug test unreasonably attempted to investigate and discover the off-duty use of marijuana without relating that use to the on-duty work or conduct of [Plaintiff]." Plaintiff's Response Brief at 6.

■ Plaintiff's position might have merit in the case of public employees who are not performing safety-sensitive functions, such as secretaries or clerks. A reasonable suspicion that a publicly-employed secretary is engaging in off-duty drug use, but with no indication that his or her job performance was impaired, *might* be insufficient under the Fourth Amendment to justify compelled drug testing—if that employee did not perform functions related to public safety or welfare. It is not necessary for the Court to consider this proposition, however, because Plaintiff does not dispute Defendant's characterization of Plaintiff as a safety-sensitive employee. If an employee's duties involve public safety or welfare, the risk, however slight, that off-duty drug use might impair performance of these critical duties justifies nonconsensual drug testing. Plaintiff is an emergency medical technician charged with responding to emergency paramedic calls and making critical medical diagnoses and treatment decisions on the spur of the moment, often under severe pressures and time constraints. The City's compelling interest in ensuring drug-free emergency medical technicians should be obvious, *see Skinner v. Railway Labor Executives' Assn.*, 489 U.S. 602, 620–34, 109 S.Ct. 1402, 1414–22, 103 L.Ed.2d 639 (1989) (upholding random drug testing without individualized suspicion for railroad employees performing "safety-sensitive tasks"), and therefore the City is not required to demonstrate proof of actual job impairment as a result of drug use.

The Court finds that the City had reasonable suspicion to test Plaintiff for drug use. Plaintiff admitted to smoking marijuana, and he exhibited erratic, and even threatened violent, behavior towards his supervisors. The City was reasonable in concluding that these displays of aberrant behavior might be related to drug use. Plaintiff either fails to controvert these facts or rests "upon the mere allegations or denials of the ... pleadings," as opposed to using affidavits or other evidentiary materials to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

Plaintiff claims that he did not knowingly consent to this first drug testing because he thought the urine sample was for a health examination and not for the purpose of detecting drug use. As discussed, the City possessed reasonable suspicion to test Plaintiff without his consent. And in any event, this assertion that he did not believe the first sample was for drug testing purposes is belied by the fact that he diluted this sample with water in order to deceive medical personnel.

Accordingly, the Court will grant summary judgment in favor of the City on count I of Plaintiff's complaint.

■ The Court next considers Defendant's motion for summary judgment on Plaintiff's due process claim as alleged in count II. According to the Supreme Court decision of *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546–47, 105 S.Ct. 1487, 1495–96, 84 L.Ed.2d 494 (1985), due process is satisfied if the public employer provides the employee with pre-termination notice, an explanation, and an opportunity to respond, followed by a full post-termination evidentiary hearing. The pre-termination hearing need not be before an impartial decisionmaker; on the contrary, this hearing may be presided over by the employer itself. *Acosta–Sepulveda v.*

**764**

*Hernandez–Purcell,* 889 F.2d 9, 12 (1st. Cir. 1989). The City provided Plaintiff with pre-termination notice and a hearing before the Chief Administrative Officer, where Plaintiff was represented by the president of Plaintiff's union.

Following termination, Plaintiff initiated the City's post-termination grievance process and conducted discovery. The PHO then held hearings regarding the merits of the City's termination decision. At these post-termination hearings, Plaintiff had a right to the benefit of counsel, was in fact represented by counsel, and had the opportunity to present evidence, elicit testimony, and cross-examine witnesses. Defendant Reeves issued extensive findings of fact and a recommendation affirming Plaintiff's termination, based on his opinion that the City had just cause for termination.

The Board later reviewed the Personnel Hearing Officer's findings and upheld them by a 5–0 vote. By ordinance, the Board's review was limited to the administrative record. Albuquerque, N.M., Merit System Ordinance § 2–9–25(D)(4). The Board may either accept, reverse, or modify the PHO's decision, or remand for a more detailed record. *Id.* Parties may appeal the decision of the Board to the state district court. Ord. § 2–9–25(D)(5). Plaintiff chose not to appeal.

In summary, Plaintiff was provided with all the process he was due under the Fifth and Fourteenth Amendments. Nevertheless, Plaintiff alleges that the following infirmities deprived him of due process: (1) Plaintiff was unfairly required to bear the burden of proving the City lacked just cause for termination; (2) the PHO and the Board considered the positive drug test result as conclusive; (3) Plaintiff was not afforded a meaningful pre-termination hearing because of the conclusiveness given to the positive drug test result; (4) the City failed to promulgate procedural rules, and so the hearing was conducted without written rules; (5) the PHO's findings of fact were nothing more than summaries of testimony; (6) the final decision of the Board was delayed eight months and thus post-termination process was not prompt; (7) the City violated the City's merit system ordinance by employing a PHO who served longer than two years; (8) the Board's decision was not issued in an open and public meeting as required by the New Mexico Open Meetings Act, N.M.Stat. Ann. §§ 10–15–1 to –4 (Michie 1978); and (9) the City's drug testing policy was formulated by a policy-making body which failed to comply with the Open Meetings Act.

■ Many of these objections involve alleged failures to comply with state or municipal statutes or regulations. Violations of state law, standing alone, are not actionable under section 1983. *Pollnow v. Glennon,* 757 F.2d 496, 501 (2d Cir.1985), *citing Davis v. Scherer,* 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984) (holding that violations of state rules or regulations have no bearing on whether a government official is entitled to qualified immunity; also suggesting that such violations are immaterial to due process analysis. *Id.* at 193 n. 11, 104 S.Ct. at 3018 n. 11). In *Loudermill,* the Supreme Court rejected the "bitter with the sweet" approach, advocated primarily by Justice Rehnquist, which holds that an employee's protected property interest in his or her position may be defined and conditioned on the state legislature's choice of procedures. *Id.* at 539, 105 S.Ct. at 1491–92. Although the existence of a property right is governed by state law, the Court held, once a property right is found to exist, the content of the minimum necessary procedural requirements is a matter of federal law. *Id.* at 541, 105 S.Ct. at 1492–93. In other words, the requirements of due process are determined independent of state law. Accordingly, if the public employer otherwise satisfied the dictates of the due process clause, the fact that the employer violated state or municipal procedures is inconsequential. *See Patterson v. Coughlin,* 761 F.2d 886, 891 (2d Cir.1985) ("[F]ailure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983...."), *cert. denied,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986); *Endicott v. Huddleston,* 644 F.2d 1208, 1214 (7th Cir.1980) ("The Fourteenth Amendment does not constitutionalize the violation of every right granted by state laws, but instead 'only those ... which [deprive] a person of

some right secured by the Constitution or laws of the United States.'" (quoting *Paul v. Davis*, 424 U.S. 693, 700, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976)). Therefore, objections 4, 7, 8 and 9 are without merit, even if true, because they allege mere violations of state or municipal rules which had little or no bearing on the adequacy or fairness of the proceedings.

▆▆▆ Objection 1 relates to the burden of proof. Plaintiff contends it was unfair to require him to prove a negative, that is, to prove that the City lacked just cause for termination. Upon whom the City places the burden of proof in a civil matter is a decision the City is entitled to make uninhibited by due process concerns. "Where the burden of proof lies [is] rarely without consequence.... However that may be, it is not for us to resolve the question.... Outside the criminal law area, where special concerns attend, the locus of the burden of persuasion is normally not an issue of federal constitutional moment." *Lavine v. Milne*, 424 U.S. 577, 585, 96 S.Ct. 1010, 1015–16, 47 L.Ed.2d 249 (1976).

▆▆▆ Objections 2 and 3 relate to Plaintiff's perception that the City gave conclusive weight to the positive drug test result. First, Plaintiff was entitled to challenge the validity of his drug test by calling expert witnesses on his behalf at the administrative hearing. The City maintained the urine sample for just this purpose. Plaintiff declined to do so. Second, the reason Plaintiff in all likelihood did not take such measures to challenge the positive test result is because he openly admitted to smoking marijuana. Plaintiff cannot now be heard to complain that he wasn't given a chance to contest the outcome of the drug test when it was his own admission which confirmed its validity.

Objection 5, that the PHO's findings of fact were nothing more than summaries of testimony, is patently meritless and not worthy of discussion. Objection 6 was answered by the Supreme Court in *Loudermill*, 470 U.S. at 547, 105 S.Ct. at 1496 (post-termination administrative delay of nine months does not give rise to a constitutional deprivation of due process). Summary judgment for Defendant on count II is granted.

Due to the Court's disposition of counts I and II, no federal claims remain. 28 U.S.C. §§ 1367(c)(1) and (3) (1988) permit a court to decline to exercise supplemental jurisdiction over state claims when the supplemental claims raise novel or complex issues of state law or when the district court has dismissed all claims over which it had original federal question jurisdiction. As the Supreme Court held in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966), if federal claims are dismissed before trial, as a general rule the state claims should be dismissed as well. Plaintiff's remaining claims are state law claims raising no federal interest or concern. Additionally, count VI involves novel issues with respect to the New Mexico Open Meetings Act for which little or no New Mexico caselaw exists to provide guidance to this Court. Therefore, counts III, IV, V and VI are dismissed. Plaintiff is of course free to file these claims anew in state court.

Because of the Court's disposition of Plaintiff's remaining claims, Defendant's motions for summary judgment with respect to counts V and VI, *res judicata*, and collateral estoppel and exhaustion of remedies, have been rendered moot.

Wherefore,

**IT IS ORDERED, ADJUDGED AND DECREED** that Defendant's motion for summary judgment on count I be, and hereby is, granted.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment on count II be, and hereby is, granted.

**IT IS FURTHER ORDERED** that counts III, IV, V and VI be, and hereby are, dismissed without prejudice to Plaintiff's filing in state district court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment on counts V and VI be, and hereby is, moot.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment on *res judicata* be, and hereby is, moot.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment on col-

lateral estoppel and exhaustion of remedies be, and hereby is, moot.